## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| ALICE FOSTER and ) | |
| WILLIAM FOSTER, ) | |
|     Plaintiffs, ) | |
| ) | |
|     v.  ) | CAUSE NO.: 2:19-CV-420-TLS-JEM |
| ) | |
| ETHICON, INC., and ) | |
| JOHNSON & JOHNSON, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Transfer Venue to the District of Kansas [DE 76], filed September 18, 2020. Defendants request that the Court transfer the instant case to the United States District Court for Kansas. On October 2, 2020, Plaintiffs filed a response, and Defendants filed a reply on October 8, 2020.

On April 1, 2013, Plaintiffs filed their Complaint in the Ethicon products liability litigation MDL 2327, alleging that Ms. Foster suffered injuries as a result of her surgical implantation with pelvic mesh medical devises manufactured by Ethicon. The implantation occurred in Kansas, where Plaintiffs were living at the time, but the Complaint was filed after they moved to the Northern District of Indiana. Plaintiffs have since moved back to Kansas. Defendants requested that the case be transferred to the District Court for Kansas, but the MDL Court agreed with Plaintiff's request, and on November 5, 2019, the case was transferred to the Northern District of Indiana.

Defendants request that this action be transferred to the District of Kansas, Wichita Division, arguing that the convenience of parties and witnesses makes venue more appropriate there. They point out that Ms. Foster was implanted with the medical devices at issue when she was living in

1

Kansas and Plaintiffs currently live in Kansas now. Plaintiffs argue that the transferor court already considered Defendants' petition to transfer the case to Kansas and this Court does not have discretion to review that determination, and that the Court should not disturb their choice of venue in the Northern District of Indiana.

Plaintiffs argue that the venue determination made by the MDL court is now the law of the case and the Seventh Circuit Court of Appeals has no reviewing authority since the determination was made outside of the Circuit and no motion for retransfer was filed, Defendants argue that the transfer was made as part of a uniform transfer order, with no explicit findings made or evidence considered, and point out that a number of other cases transferred from the MDL court have since been re-transferred. Since this case was not transferred pursuant to 28 U.S.C. § 1404, the Court is not foreclosed from considering Defendants' motion. *See Reliable Tool & Mach. Co. v. U-Haul Int'l, Inc.*, 837 F. Supp. 274, 283 (N.D. Ind. 1993) ("If the motion to transfer under 28 U.S.C. § 1404(a) is granted and the case transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous.") (quoting *United States v. Koenig*, 290 F.2d 166, 173 n. 11 (1961), *aff'd*, 369 U.S. 121 (1962)) (internal quotation marks omitted).

Plaintiffs also argue that the motion fails on the merits. Section 1404(a) governs transfer of venue and provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Therefore, for a case to be transferred, the movant must demonstrate that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3)

2

the transfer serves the convenience of the parties and witnesses and is in the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *see also Key Electronics, Inc. v. Earth Walk Commc'ns, Inc.*, No. 4:13-CV-00098-SEB, 2014 WL 2711838, at *8 (S.D. Ind. June 16, 2014). The interest of justice or public interest factors include "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citations omitted). The party seeking transfer bears the burden of showing that transfer is warranted. *Coffey*, 796 F.2d at 220-21. The decision to transfer an action is within the sound discretion of the trial court. *Id*. at 220.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 since diversity exists between the parties. Plaintiffs were citizens of Indiana at the time the action was filed and now reside in Kansas, and Defendants are corporations organized under and with their principal places of business in New Jersey. *See* Juris. Stmt. [DE 69]. Under the applicable venue provision, "a civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Defendants argue, and Plaintiffs do not dispute, that venue is also proper in Kansas because Plaintiffs were residents at the time of the Ethicon implant and are residents of Kansas now.

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum" as well as "the location of material events and the relative ease of access to sources of proof." *Research Automation*, 626 F.3d at 978. Defendants argue that Kansas is a more convenient forum for Plaintiffs

3

because they live there, implantation of the devices took place in Kansas, and any supplementary medical records are likely to be found in Kansas. Plaintiffs argue that their choice of forum is the Northern District of Indiana, and point out the hypocrisy in Defendants arguing that the case should be moved, over Plaintiffs' objection, because of Defendants' assessment of Plaintiffs' convenience. *See, eg., Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643 (7th Cir. 2003) ("There is a strong presumption in favor of the plaintiff's choice of forum."). They also point out that much of Ms. Foster's medical and surgical treatment related to the devices, including several surgeries to repair the damage allegedly caused by the devices, occurred in and near the Northern District of Indiana. They also argue that the doctors who performed these surgeries are Plaintiffs' key witnesses, and it is much for convenient for them to come from neighboring Chicago and St. Louis to Hammond rather than travel all the way to Kansas. With respect to convienience of witnesses, Defendants mention a single witness who lives in a neighboring state to Kansas. Plaintiffs point out that he lives approximately 300 miles from Wichita and, unlike their witnesses, it is unlikely that he will be called to testify live at trial, since he has no opinions regarding the cause of Ms. Foster's injuries and has no specific knowledge of her care, symptoms, diagnoses, or recent treatment.

     Neither party argues that docket congestion or speed to trial are relevant considerations in this case. Defendants argue that the case is of greater public interest to the state of Kansas since Plaintiffs live there now and the devices were implanted there. They argue that the case has only a tenuous connection to Indiana, and dispute Plaintiffs' assertion that "the bulk of [Ms. Foster's] medical and surgical treatment" occurred in and near the Northern District of Indiana, since the initial implantation and current medical care occurred in Kansas. They also assert that the parties agree that Kansas law applies. Plaintiffs disagree with the assertion that Kansas law would apply to

4

all claims. They also point out that the case of a co-member plaintiff in the Ethicon MDL was tried in this district, so Kansas is no better equipped to effect resolution of the claims.

Although the devices were implanted in Kansas and Plaintiffs live there now, Ms. Foster received significant device-related medical care in the Northern District of Indiana area while Plaintiffs lived here. The Northern District of Indiana has a relationship to the controversy as well as being more convenient for a number of trial witnesses. Noting that Indiana is Plaintiffs' choice of forum, the Court finds that there is no reason to disrupt their choice of forum and transfer the instant case to Kansas.

The Court notes that the case was transferred with the MDL with the notation that there are motions pending; however, it is not immediately apparent which, if any, motions are applicable to this case. In addition, the transferring judge recommended that discovery not be reopened and the case set immediately for trial. Accordingly, a status conference is needed to determine what motions, if any, should be pending in this action and when the case can be set for trial.

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Transfer Venue to the District of Kansas [DE 76]. The Court **SETS** this matter for a telephonic status conference for **March 25, 2021, at 10:30 a.m.** (Central Time) before Magistrate Judge John E. Martin. Parties are instructed to dial 877-873-8017 and enter access code 5155509# when prompted.

SO ORDERED this 8th day of March, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record